# Eby's Appeal.

1. Where neither the parties nor subject-matter are within the jurisdiction of a court, its judgment has no effect.

2. Under Act of April 6th 1859 to authorize service of process on a defendant beyond the jurisdiction of a court of equity, the subject-matter must either be within the jurisdiction or must be brought within it by service on a "principal defendant."

3. Land in Elk county is not a "subject-matter" within the equity jurisdiction of the Court of Nisi Prius.

4. Under the Amendments of 1864 to the Constitution, the title is part of an act.

[Eby's Appeal.]

5. The Act of April 6th 1859 (service of process in equity on defendants not residing in the jurisdiction, &c.), examined and construed.

January 4th 1872. Before THOMPSON, C. J., AGNEW and SHARS-WOOD, JJ. WILLIAMS, J., at Nisi Prius.

Appeal from the decree at Nisi Prius: Of July Term 1870.

The bill in this case was filed, April 18th 1870, by Ann W. Eby by her next friend, &c., against John F. Cowan.

The bill set out that the plaintiff had been the wife of Joseph Gonder, deceased, and was devisee, &c., of all his real and personal estate; that Gonder and Cowan, the defendant, had become the purchasers of five tracts of land in Elk county, Pennsylvania, the purchase-money for which Cowan had represented to be $2400, and on account of it Gonder had paid Cowan $1224.50, but the consideration for the land was but $900; that Cowan had sold four of the tracts, and she, not being able to ascertain from the records that he had sold the fifth, charged that Cowan still held it. She averred that the defendant had resided in New York for many years, and had not been a resident within the jurisdiction of Pennsylvania since 1859, &c.

She prayed for a decree against Cowan to repay the excess of Gonder's proportion of the purchase-money, to account for the proceeds of the land sold, and execute a conveyance to her of the tract not sold, and for further relief.

On affidavit that the defendant resided in New York, the court, on the 30th of April 1870, ordered that the bill, &c., should be served on the defendant in New York.

The service was ordered under the Act of April 6th 1859, § 1, Pamph. L. 387, 1 Br. Purd. 598, pl. 51, which provides, that it shall be lawful for the court in any suit in equity in this Commonwealth, "concerning goods, chattels, lands, tenements or hereditaments, or for the perpetuating testimony concerning any lands, tenements and so forth, situate or being within the jurisdiction of such court or concerning any charge * * * thereon, or where the court have acquired jurisdiction of the subject-matter in controversy by service of its process on one or more of the principal defendants, to order and direct that any subpœna or other process to be had in such suit be served upon any defendant therein, then residing or being out of the jurisdiction of such court wherever he may be found, and upon affidavit of such service, to proceed as fully and effectually as if the same had been within the jurisdiction of such court." It was also provided that such defendant should be served with a copy of the order and the bill, or a statement of the substance of the proceedings, &c.

On the 21st of September, proof of service of the bill and order was filed; and, December 10th, on motion of the defendant's

solicitor, the order of service was vacated, and the service of the bill was set aside.

The plaintiff appealed to the court in banc, and assigned the order vacating the service, &c., for error.

*G. Bull*, for appellant.—The Act of 1859 is constitutional: 1 Bl. Com. 160; Commonwealth *v.* McWilliams, 1 Jones 61; Norris *v.* Clymer, 2 Barr 277; Commonwealth *v.* Hartman, 5 Harris 119; Sharpless *v.* Philadelphia, 9 Id. 147.

*A. V. Parsons*, for appellee.—The Court at Nisi Prius had no jurisdiction over the land, it being in Elk county: Hottenstein *v.* Clement, 5 Wright 502; Cassell *v.* Jones, 6 W. & S. 552; Hays *v.* Penna. Railroad, 5 Harris 9; Crawford Co. *v.* Erie Railroad, 8 Casey 141; Commonweath *v.* Baroux, 12 Id. 262.

The opinion of the court was delivered, January 16th 1872, by
SHARSWOOD, J.—It is certainly important that the true construction of the Act of Assembly of April 6th 1859 (Pamph. L. 387) should be settled. It provides for the service of process in certain cases in equity, upon defendants not resident or found within the jurisdiction of the court. Upon the broad interpretation of the act here contended for, defendants not within the jurisdiction of the court can be served with process, and of course be bound by the decree within the Commonwealth in all cases of equity cognisance. If such a construction does not impinge on the Constitution it certainly violates one of the first principles of law—which denies effect to a judgment when neither the parties nor the subject-matter are within the jurisdiction of the court. To such a judgment, sentence or decree no extra-territorial effect is accorded. As this must be conceded to be so—and there is neither person nor thing within the jurisdiction on which it can be enforced—it must be without legitimate end or purpose. Such a proceeding, after a long sleep, may wake up against some person or thing accidentally brought within its reach, and upon which it may suddenly and unexpectedly pounce. But surely no such design is to be imputed to the legislature. We are required by every sound canon to give such a construction to the statute as is reasonable and conforms to the general rules and principles of the law. The act provides that it shall be lawful for any court of this Commonwealth having equity jurisdiction in any suit in equity " concerning goods, chattels, lands, tenements or hereditaments, or for the perpetuating of testimony concerning any lands, tenements, and so forth, situate or being within the jurisdiction of such court," to order and direct that any subpœna, subpœnas or other process to be had in such suit be served upon any defendant or defendants therein, then residing or being out

[Eby's Appeal.]

of the jurisdiction of such court wherever he, she or they may reside or be found. It is contended that the clause "concerning goods, chattels, lands, tenements or hereditaments" is without limitation, and that the words "situate or being within the jurisdiction of such court" apply only to the latter part of the sentence, "for the perpetuating of testimony concerning any lands, tenements, and so forth." We think, however, that it is very clear that "the goods, chattels, lands, tenements or hereditaments" spoken of in the clause were intended only to be such "as are situate or being within the jurisdiction of such court." This is further evident by the provision following, " or concerning any charge, lien, judgment, mortgage or encumbrance thereon," that is, on lands or tenements situate or being within the jurisdiction of such court. If the first clause is to have the effect claimed for it, it would include the two which follow, and render the limitation on the power in those special cases ineffectual—for, if the court are to have the power in all cases "concerning goods, chattels, lands, tenements or hereditaments," surely cases "for the perpetuating of testimony concerning lands, tenements, and so forth," or "concerning any charge, lien, judgment, mortgage or encumbrance thereon," fall within the comprehensive words "concerning goods, chattels, lands, tenements or hereditaments." If we read further, we shall find the legislature still careful to preserve this feature of the law—that the court shall have jurisdiction of the subject-matter, for it goes on to provide that the act shall extend to cases "where the court have acquired jurisdiction of the subject-matter in controversy by the service of its process on one or more of the principal defendants." This limitation is equally ineffectual, if the power of the court embraces all cases "concerning goods, chattels, lands, tenements or hereditaments." To save this legislation, then, from being unreasonable if not senseless and absurd, we must hold that to authorize a court having equity jurisdiction, to exercise the power conferred by this act, the subject-matter of the suit must either be itself within the jurisdiction of the court, or must be brought within its jurisdiction by the service of its process on one or more of the principal defendants.

The act in question is entitled "An act to authorize execution of process in certain cases in equity concerning property within the jurisdiction of the court and on defendants not resident or found therein." However it was in England, where the title was held to be no part of a statute, indeed was commonly framed by the clerk of Parliament after the bill had passed, without any vote being taken upon it, certainly since the first amendment of the Constitution adopted in 1864,—Art. XI. sect. 8—it is now necessarily a part of the act, and a very important guide to its right construction. It will be seen by the title the act relates to cases

[Eby's Appeal.]

in equity "concerning property within the jurisdiction of the court." The other clause "and on defendants not resident or found therein," evidently refers to that other part of the act, "when the court have acquired jurisdiction of the subject-matter in controversy by the service of its process on one or more of the principal defendants."

In this case there was but one defendant, and he not resident or found within the jurisdiction. The subject-matter of the suit was certain lands in Elk county, Pennsylvania, not within the original jurisdiction of this court sitting in equity in Philadelphia, nor of course within the jurisdiction of the Court of Nisi Prius. The defendant is charged in the bill as the trustee of five tracts, four of which he had sold. Whether the title remained in Cowan or had been sold by him clear of the trust, neither the land nor its proceeds were subjects within the jurisdiction of the court. It follows that the motion to vacate the order for special service and set aside the service of the bill was properly granted.

　　　　Order affirmed and appeal dismissed at the costs of the appellant.