From F. H. Laird, Beaver, Pa.

---

## Knights of Columbus v. Lesko.

*Practice, equity—Extra-territorial service—Interpleader—Beneficial associations—Death benefits—Act of April 6, 1859.*

1. Where two women claim death benefits from a beneficial association for the same member, and institute separate suits against the association in the respective counties in which they reside, the association may file a bill of interpleader against one of the claimants in one county and have extra-territorial service of the bill against the second claimant in the other county, if the bill contains a prayer that it be permitted to pay the insurance money in controversy into court.

2. In such a case, as the money in controversy has to all intents been brought into court, and as one of the principal defendants has been served, extra-territorial service against the other is proper under the second provision of the Act of April 6, 1859, P. L. 387.

Rule to vacate extra-territorial service as to Mabel Lesko. C. P. Crawford Co., Nov. T., 1920, No. 2, in Equity.

*W. J. Sirdevan,* for plaintiff.

*C. W. Benedict* and *Brooks, English & Quinn,* for defendants.

PRATHER, P. J., July 5, 1921.—The subject-matter of this controversy is a $1000 life insurance policy upon the life of John Joseph Lesko, deceased.

1 D. & C.

Defendants each claim as beneficiaries the entire sum of $1000, and each has brought her action in *assumpsit* against plaintiff. The action of Mabel Lesko is pending in Erie County, where she resides, and the action of Anna Lesko is pending in Crawford County, where she resides.

Plaintiff, having filed its bill at above term and number, naming said claimants as defendants, with prayer that they be required to interplead and that it be permitted to pay the insurance money in controversy into court, and having made service of said bill upon the said Anna Lesko, obtained an order, after proper affidavit filed, for service of said bill upon Mabel Lesko, the other defendant, pursuant to the provisions of the Act of April 6, 1859, P. L. 387.

Thereupon counsel for Mabel Lesko entered their appearance *de bene esse* and moved to vacate said order of service, assigning, *inter alia,* that "the court has no authority to authorize extra-territorial service of the bill of complaint."

Counsel for motion stress their contention for vacation of such service upon the fact that the suit in equity is not "concerning goods, chattels, lands or tenements . . . situate . . . within the jurisdiction of such court," and seem to ignore the second provision or condition that determines the validity of such order and service.

Such extra-territorial service may be had on a non-resident defendant, as expressed by Justice Sharswood: "Where the court has acquired jurisdiction of the subject-matter in controversy by the service of its process on one or more of the principal defendants:" Coleman's Appeal, 75 Pa. 441, 458.

This is a substantial restatement of the language of the act. To the same effect are Eby's Appeal, 70 Pa. 311; Bird *v.* Sleppy, 265 Pa. 295.

In Warrington *v.* Perry et al., 13 Dist. R. 806, an authority relied upon by defendants, extra-territorial service was set aside on the grounds *(a)* there was no property in dispute situate in the county invoking the jurisdiction; *(b)* the "grave question as to whether or not these two defendants, who were served within the jurisdiction," were "principal defendants within the meaning of the act;" and *(c)* "whether the property, which is personal property, is sufficiently averred to be within the jurisdiction of the court at the filing of the bill."

In this case the court arrived at the conclusion that the defendants served were not "principal defendants," because they "were not parties to the contract set forth in the bill."

Plaintiff is merely a stakeholder without interest as to which of the two claimants may receive this money.

In Schmaltz *v.* York Manuf. Co., 204 Pa. 1-13, the Supreme Court quoted Phelps *v.* McDonald, 99 U. S. 298, with approval as follows: "Where the necessary parties are before a court of equity, it is immaterial that the *res* of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary, according to the *lex loci rei sitæ* which he could do voluntarily, to give effect to the decree against him. Without regard to the situation of the subject-matter, such courts consider the equities between the parties, and decree *in personam* according to those equities, and enforce obedience to their decrees by process *in personam.*"

And the court further said: "So long as an individual is a citizen of a state, he is subject to the process and decrees of its courts of equity, regardless of the *locus* of the subject-matter indirectly affected by the litigation."

Plaintiff, so far as it is able, has, to all intents and purposes, brought the

Knights of Columbus v. Lesko.

money in controversy into our court. The means to discharge any judgment that either defendant may secure in her action of *assumpsit* is constructively in our court.

We are, therefore, of the opinion that within the second provision of the Act of 1859, service of the bill having been made upon one of the principal defendants, our order of service upon Mabel Lesko, the other defendant and non-resident, was properly granted.

It follows that the rule to vacate said service should be discharged.

Now, July 5, 1921, rule to vacate extra-territorial service on Mabel Lesko is discharged.

From Otto Kohler, Meadville, Pa.