## Morgan v. Wyoming County Commissioners.

*E. B. Farr*, for petition; *H. S. Harding*, contra.

TERRY, P. J., Sept. 10, 1928.—This is a joint petition by the Superintendent of Schools of Wyoming County and the commissioners of said county for a declaratory judgment determining the liability of the county for compensation for stenographic service rendered the county superintendent pursuant to

the Act of June 1, 1915, P. L. 706, as amended by the Act of April 27, 1927, P. L. 463.

No question is raised as to the jurisdiction of the court in this proceeding, and the petition contains a clause providing that if the payment by the county of such compensation is mandatory, then judgment shall be entered for the plaintiff for $60 heretofore paid by him for such purpose, and also a decree made that hereafter he may employ a stenographer for two days per week, or its equivalent, whose compensation shall be fixed by the plaintiff and the commissioners and be paid by the county.

It was stated upon argument that the county has been paying for such service without objection, but now the position is taken by the commissioners that such payment is discretionary with them. We do not so interpret the law.

The Act of June 1, 1915, P. L. 706, reads as follows:

"Section 1. Be it enacted, etc., That in each county in the Commonwealth the county superintendent of schools may be provided, at the expense of the county, with a telephone, a typewriter and a stenographer. In counties having more than three hundred teachers in the public schools, the stenographer may be employed by the year. In counties having less than three hundred teachers in the public schools, the stenographer may be employed for three days of each week, or the equivalent of such time, during the year.

"Section 2. The stenographer may be chosen by the superintendent, and the compensation shall be fixed by the superintendent and county commissioners, and shall be paid out of the county treasury."

The amending Act of April 27, 1927, P. L. 463, changes the last clause of section 1 of the earlier act by making it read: "In counties having less than three hundred teachers in the public schools, the stenographer *shall* be employed for *at least two days* of each week, or the equivalent of such time, during the year."

Of course, whether the word "shall," substituted for "may," in such clause is to be construed as mandatory or as simply directory is dependent upon the intention of the legislature to be ascertained from the language employed in enacting this legislation.

Of much significance is the title of the first act, reading: "An Act *requiring* the County Commissioners to provide, at the expense of the County, a telephone, typewriter and stenographer for the use of the County Superintendent of Schools." This plainly indicates that the legislature considered the employment of a stenographer by the county superintendent essential in the performance of his duties.

That the title of an act is a part of it and a guide to its construction is settled law in this State: Perkins *v.* Philadelphia, 156 Pa. 554; Brink *v.* Marsh, 53 Pa. Superior Ct. 293.

It seems absurd to think that the legislature, recognizing the need by a county superintendent of a telephone and a typewriter, meant by this legislation to leave optional with the county commissioners whether those instruments should be supplied. And if this be conceded, there is no room for applying different reasoning as to the stenographer.

The 2nd section of the original act authorizes the choice of the stenographer by the superintendent and imposes upon him and the commissioners the duty of fixing the compensation, payable by the county—which is inconsistent with the idea that the commissioners may determine whether such service can or cannot be had by the superintendent.

It is true that the word "shall" in a statute is not always construed to be mandatory, but when, as here, the title of the original act plainly denotes a requirement for affirmative action by the county commissioners and the amending act changes the word "may" to "shall," in the body of the act, in respect to the function of the commissioners, we think it is definitely shown that the legislative intent is to make the payment of the stenographer by the county imperative and not optional. The object of the amendment apparently was to fix the minimum time of employment of the stenographer in the smaller counties, and in doing this the legislature emphasized that such service, for the time limited, was not to be denied the superintendent. It was assumed, we think, that in the larger counties the service, without time limit, was to be paid by the county as a matter of course in consequence of the phraseology of the act and its title.

Sometimes construction by courts of statutes dealing with expenditures by counties is necessary to protect the commissioners from surcharge. Here, however, the liability of the county is clearly fixed and the commissioners need not hesitate to comply with the provisions of the law by making payment as it contemplates.

In accordance with the terms of the petition, we enter judgment for the petitioning superintendent against the county for $60 for stenographer's fees already paid by him, that being by agreement a reasonable sum, and we decree that hereafter said superintendent may employ a stenographer for two days per week, or its equivalent, for compensation to be fixed by the superintendent and the county commissioners and to be paid by the county.