## Molloy et al. v. Molloy et al.

*H. E. Potter*, for petitioner.

*J. H. Malloy* and *M. E. Braude*, contra.

SMITH, P. J., November 6, 1946.—This matter comes before the court sitting in equity on a petition of Colleen Jenkins Molloy for rule to show cause why service of the bill of complaint upon her should not be dismissed because of lack of jurisdiction.

The petition represents that petitioner is a resident of Delaware County, Pa., and resides at 299 Coverly

Road, Lansdowne, Delaware County, Pa.; that she has resided in Delaware County for three years and has definitely established her residence there. The answer to the petition admits the truth of these averments.

The petition (paragraph 3) represents "that your petitioner is informed that on or about July 30, 1946, the bill in equity in the above matter was left at 299 Coverly Road, Lansdowne, Delaware County". The answer avers that "the bill in equity was properly and duly served upon defendant on the said day and date at the said address by handing a certified copy of the same to an adult member of the household of the said Colleen Jenkins Molloy, at 299 Coverly Road, Lansdowne, Delaware County, Pa."

The petition (paragraph 4) represents that the bill in equity seeks a personal judgment against petitioner. The answer thereto avers that this is a conclusion of law and requires no answer.

The petition (paragraph 5) represents "petitioner avers she has made no claim nor does she expect to make a claim of any nature against the Fidelity-Philadelphia Trust Company, trustee under the will of Mary E. Harris, deceased, nor has she any connection directly or indirectly, with the other defendant named". The answer avers "respondent avers that paragraph 5 of the petition as stated is irrelevant to the cause and the prayers of the bill; respondent further avers, however, that it would be possible under the terms of the will of Mary E. Harris, deceased, that, if, after the death of their father, Robert K. Molloy, and when their share of the corpus of the estate of Mary E. Harris, deceased, had vested in them, the said admittedly legitimate children of Robert K. Molloy, to wit, Robert K. Molloy, Jr., and Carol Molloy, minor plaintiffs herein, and any other alleged brother or sister of theirs, should become deceased prior to attaining majority or marriage, then, in such case,

under the intestate laws of the Commonwealth of Pennsylvania, the corpus of said estate having vested in said minors, the said estate then in them would pass to their mother, Colleen Jenkins Molloy, one of named defendants herein".

The petition (paragraph 6) represents "Petitioner is advised by counsel and believes that the service on her is invalid under the laws of Pennsylvania and the rules of court". The answer to this paragraph avers "Paragraph 6 is a conclusion of law and, therefore, requires no answer".

In the said answer, respondent also sets forth an additional averment as follows:

"As additional defense to the petition and rule, respondent, for and in behalf of all plaintiffs, points out to the court that the action taken hereunder by this petition and rule by defendant, Colleen Jenkins Molloy, can hardly be considered to be one in good faith. Because of the very nature of the bill in equity, in this case being one to perpetuate testimony rei memoriam, it cannot, if, as alleged by defendant Colleen Jenkins Molloy, she has no intention of ever making any claim against the estate of Mary E. Harris, deceased, in any wise prejudice or harm her position as stated in said petition; but, on the contrary, it is respectfully submitted it may be properly inferred, from this action taken on the part of defendant Colleen Jenkins Molloy and her failure to date to comply with the injunction issued by the court, that such desire on her part to contest the jurisdiction and to refuse to disclose the information required by the injunction issued by this court is, at best, not in harmony with the announced position taken by named defendant in paragraph 5 of the petition and rule presently before the court."

The bill in equity in this case is brought by Robert K. Molloy for himself and his minor children, and

James H. Molloy for himself and his minor children, against Colleen Jenkins Molloy for herself and her unborn child, and Fidelity-Philadelphia Trust Company, trustee in possession of all assets under the will of Mary E. Harris, deceased. The res of the trust estate is in the possession of the said trustee, which is a resident of the County of Philadelphia, Pa. The other defendant, Colleen Jenkins Molloy, is a resident of the County of Delaware, State of Pennsylvania. Service has been made upon the Fidelity-Philadelphia Trust Company, trustee on July 30, 1946, and service was made on the said Colleen Jenkins Molloy on the same day by deputized service by the sheriff of Delaware County, Pa., based upon an affidavit of complainant and in pursuance to an order of McDevitt, P. J., of Court of Common Pleas No. 1 of Philadelphia County, sitting in summer court.

It is the contention of Colleen Jenkins Molloy that the service of the bill of complaint upon her should be set aside, and the bill dismissed because of the fact that she resides outside of the County of Philadelphia and is not within the jurisdiction of this court.

The act of assembly providing for service upon nonresidents of the county in which an action in equity is brought, is the Act of April 6, 1859, P. L. 387, as amended by the Act of March 20, 1941, P. L. 11. Section 1 of the Act of 1941 provides:

". . . it shall be lawful for any court of this commonwealth having equity jurisdiction, upon the special motion of the plaintiff or plaintiffs, in any suit in equity which has been or shall be instituted therein, concerning goods, chattels, lands, tenements, or hereditaments, *or for the perpetuating of testimony concerning trusts which have within the jurisdiction of such courts one or more trustees and a substantial portion of their securities, real estate or other assets* or for the perpetuating of testimony concerning any lands,

tenements, and so forth, situate or being within the jurisdiction of such court, or concerning any charge, lien, judgment, mortgage, or encumbrance thereon, or where the court have acquired jurisdiction of the subject matter in controversy, by the service of its process on one or more of the principal defendants, to order and direct that any subpoena, subpoenas, or other process to be had in such suit, be served upon any defendant or defendants therein, then residing or being out of the jurisdiction of such court, wherever he, she or they may reside or be found; and upon affidavit of such service had, to proceed as fully and effectually as if the same had been made within the jurisdiction of such court: . . ." (Italics supplied.)

We believe that this service is a proper one, under the provisions of the said acts of assembly. The primary purpose of the bill is to perpetuate testimony concerning trusts which have within the jurisdiction of this court all of the assets and securities belonging to the estate of Mary E. Harris, deceased. The bill avers, inter alia, that while Robert K. Molloy was separated, living apart from his wife, Colleen Jenkins Molloy, since November 6, 1944, she became pregnant as the result of intercourse with a man other than her husband, in October or November, 1945, and that she thereupon made a voluntary written statement to her husband, the said Robert K. Molloy, of her illicit relation with this other man and her pregnancy by him; that Robert K. Molloy, under the will of his aunt, Mary E. Harris, deceased, holds a life tenancy in the said estate; that upon the death of him, his legitimate children become the distributees of the principal of the said trust upon which he has been receiving income, at the time of his decease per stirpes subject, however, to having their share in the said principal reduced by the birth and the survival at the time of distribution of the principal of any other legitimate children of the

blood and body of their father, the said Robert K. Molloy; that in the event of the death of the said Robert K. Molloy and his present or future legitimate children not surviving him, the said income on the portion of the principal upon which the said Robert K. Molloy may have been receiving, would go to the enhancement of the income then being received by other plaintiff, his brother, James H. Molloy, if he survived the said Robert K. Molloy, and that that portion of the principal upon which Robert K. Molloy may have been receiving income, would go to the enhancement of the principal to be distributed to the legitimate children of the blood and body of James H. Molloy per stirpes; that the said Robert K. Molloy now has witnesses to prove that the said child of the body of Colleen Jenkins Molloy, if born and lives, is not and could not be the child of the blood and body of the said Robert K. Molloy, and that complainants will produce medical testimony upon the birth of the said child that it could not be of the body and blood of the said Robert K. Molloy; that since the said Colleen Jenkins Molloy is and will be the wife of the said Robert K. Molloy at the time of the birth of the said illegitimate child, it may be impossible at some future and remote time to overcome the legal presumption of legitimacy to the irreparable damage of the legitimate surviving children of the said Robert K. Molloy and James H. Molloy.

This bill seeks to perpetuate testimony rei memoriam and as to Colleen Jenkins Molloy may be regarded in personam since when brought within the jurisdiction of this court a decree might be directed against her personally as the complainants' first move to obtain the relief asked for. Yet by the same token, a decree of this court could safeguard and fix the future status of the minor legitimate children of

complainants in the res of the trust estate. A bill in perpetuam rei memoriam has been defined as follows:

"It is a Bill in Equity which a party may maintain in order to secure and preserve testimony in an action not yet pending. Such a bill will lie because, no suit being brought, the party has no opportunity to examine his witnesses and is exposed to a future attack or a future loss, in case such testimony cannot be preserved until a judicial investigation": Ballentine's Law Dictionary, p. 152; 8 R. C. L. 1132; 10 R. C. L. 410.

Since the purpose of this bill is to protect and safeguard the estate of the minor children of complainants at some distant time in the future, it seems to us that steps should be properly taken by a court sitting in equity to preserve the rights of those children. They now have a present interest in the res even though under the terms of the will, their fathers are entitled to recover the income from the trust estate. In Jones v. Jones et al., 344 Pa. 310, 313, Mr. Justice Parker said:

"Academic authorities and essayists have for a long time debated the nature of a beneficiary's interest in a trust, some arguing that the right of a beneficiary is merely in personam, that is, only a right against the trustee without any right in the trus res. We have in this state adopted the more realistic view as stated by Mr. Justice Stern in Commonwealth v. Stewart, 338 Pa. 9, 14, 12 A. 2d 444, 'that, in addition to rights against the trustee, the beneficiary also has rights in rem, an actual property interest in the subject-matter of the trust, an equitable ownership of the trust res.' "

It is highly probable that the equitable ownership of these minor children of the complainants might be seriously affected by a claim made at some remote time by the illegitimate child of Colleen J. Molloy, bringing with him as he will, the legal presumption of legitimacy.

This legal presumption at a time in the distant future might be impossible of successful attack due to the death, the disappearance, or the great age of witnesses now presently available. We believe that the presence of defendant, Colleen Jenkins Molloy, before this court, is a necessary requisite in the satisfactory and reasonable consideration and determination of the facts in this issue. We also believe that the court of equity in this jurisdiction is the only court that can give the necessary relief under its equity powers if the complainants are able to prove their charges. While the bill asks for certain restraining orders as against defendant, Colleen Jenkins Molloy, it does not ask to hold her liable for any money judgment; it only asks that she appear in court, answerable to the jurisdiction thereof so that if at some future time there may be made safe, secure and fixed, the status of the trust estates of minor complainants. In Mid-City Bank & Trust Company v. Myers et al., 343 Pa. 465, 467, Mr. Justice Parker said:

"The main contention of the appellants is that there was no authority in the law for service outside Philadelphia County. We are all of the opinion that, under the facts shown, the Act of April 6, 1859, P. L. 387, sec. 1 (12 PS §1254), was sufficient authority for the service.

" 'The common law rule in regard to service of process, established by centuries of precedent, has always been accepted as binding in this State. In an action in personam the process must be served personally within the jurisdiction of the court in which the action was commenced, upon the person to be affected thereby. This rule prevails, unless a statute clearly and definitely manifests that a different method as to service has been promulgated by the legislature': Heaney v. Mauch Chunk Boro., 322 Pa. 487, 490, 185 A. 732. As we have indicated, the Act of 1859 did promulgate a different method of service applicable to a proceeding in equity, thereby enlarging the jurisdiction of county

courts. The opinions of this court have consistently construed the Act of 1859 as covering two distinct classes of cases. 'First, where a suit in equity has been or shall be instituted, concerning goods, chattels, lands, tenements or hereditaments, or for the perpetuating of testimony concerning any lands, tenements and so forth, situate or being within the jurisdiction of the court, or concerning any charge, lien, judgment, mortgage or encumbrance thereon. And second, where the court have acquired jurisdiction of the subject-matter in controversy, by the service of its process on one or more of the principal defendants': Coleman's Appeal, 75 Pa. 441, 458. See, also, Eby's Appeal, 70 Pa. 311, 314; Bird v. Sleppy, 265 Pa. 295, 296, 108 A. 618; Whittaker v. Miller, 301 Pa. 410, 412, 152 A. 670."

It will be noted that the Act of March 20, 1941, P. L. 11, amending the Act of 1859, covers those cases regarding trust estates. In section 1, it says:

". . . for the perpetuating of testimony concerning trusts which have within the jurisdiction of such court one or more trustees and a substantial portion of their securities, real estate or other assets . . ."

This court is of the opinion that under the facts shown and the pleadings, the said Act of 1859 as amended by the Act of 1941, gives jurisdiction to this court; and that the service outside of the county upon the said Colleen Jenkins Molloy was a good and proper one to bring her within the jurisdiction of this court, in order that the complainants may have the opportunity of presenting testimony.

It is argued by defendant that the orphans' court has sole jurisdiction in this matter; with this statement we do not agree. The Orphans' Court Act of June 7, 1917, P. L. 363, 20 PS §2542, has no application to this case. There are no lost or destroyed records of a decedent's estate here involved, and while in matters applicable under the terms and provisions of the Act of

1917, we do not regard that act as in any way affecting the jurisdiction of this court.

After a careful study of the pleading, we have reached the conclusion that since the service is a proper one, the rule to show cause should be dismissed.

### Order

And now, to wit, November 6, 1946, the court makes the following order:

The rule to show cause why the service of the bill in equity upon Colleen Jenkins Molloy should not be set aside, is hereby dismissed.