# Vandersloot v. Pennsylvania Water & Power Company, Appellant.

*Equity jurisdiction—Injury to real estate within county—Foreign defendant—Leave to serve outside of county—Acts of June 13, 1836, P. L. 568; March 17, 1856, P. L. 388; April 6, 1859, P. L. 389; April 3, 1903, P. L. 139, and June 5, 1915, P. L. 847—Equity Rule 10 — Construction of dam — Overflowing of waters — Dam partly in another county—Bill by riparian owner—Relief affecting entire dam—Relief in personam.*

1. It is against the policy of the jurisprudence of this State to bring nonresidents within the jurisdiction of our courts unless in very special cases, and the Act of April 6, 1859, P. L. 389, providing that any court having equity jurisdiction may upon due application authorize service outside the jurisdiction of the court in any suit "concerning......lands, tenements and hereditaments ......situated or being within the jurisdiction of such court," is to be construed in harmony with such policy.

2. Service of a bill in equity outside of the jurisdiction of the court in which it is filed cannot properly be allowed under the authority of the Act of 1859, where the prayers for relief are not confined entirely to property alleged to be within the jurisdiction of the court, and where the relief, if granted, would require a decree against the defendant personally.

3. A bill in equity brought in York County against a Pennsylvania corporation to compel the removal of a dam which was partly in York County and partly in Lancaster County, and which was alleged to cause waters to overflow complainant's land in York County, was, by leave of the York County court, served on officers of the defendant in New York, where the company's principal office was located, and in Lancaster County, where its mills were situated. The prayers of the bill comprehended relief affecting the entire dam of the defendant, and also relief requiring a decree against the defendant personally. *Held,* the service was not within the authority of the Act of 1859, or other statutory authority, and a rule to set it aside should have been made absolute.

4. In such case there was no merit in the contention that the service was authorized under Equity Rule 10, which merely provides that "service of the bill and notice to appear and answer on a corporation shall be effected in the mode prescribed by law for the service of a writ of summons upon such corporation." The

Acts of June 13, 1836, P. L. 568; March 17, 1856, P. L. 388; April 3, 1903, P. L. 139, and June 5, 1915, P. L. 847, do not apply.

*Practice, Supreme Court and C. P.—Appeal from order refusing to set aside service—Conditional appearance—Waiver by defense on merits.*

5. In such case the defendant may appeal from an order refusing to set aside the service where it has entered a conditional appearance for the purpose of taking such rule, or may defend the action on its merits. He is required to select one of the two courses, and is bound by the legal consequences of the course selected.

Argued May 15, 1917. Appeal, No. 132, Jan. T., 1917, by defendant, from decree of C. P. York Co., Oct. T., 1916, No. 1, refusing to set aside service of bill in equity in case of John Edward Vandersloot v. Pennsylvania Water & Power Company. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Reversed.

Rule to set aside service of bill in equity. Before Ross, J.

The facts appear by the opinion of the Supreme Court.

The lower court dismissed plaintiff's rule to set aside the service of the bill. Defendant appealed.

*Error assigned* was the decree of the court.

*J. E. Malone*, with him *Stewart & Gerber*, for appellant.—The ordinary jurisdiction of a court of equity is confined to the county unless such jurisdiction is enlarged by statute: Hays v. Penna. R. R. Co., 17 Pa. 9.

A bill to be within the purview of the Act of 1859 must be confined, at least so far as the nonresident defendant is concerned, to a prayer for a decree affecting only the property within the jurisdiction of the court: Eschbach v. Slonaker & Krause, 1 Pa. D. R. 32.

The Act of 1859 is ineffectual to render valid extraterritorial service of process in proceedings in personam: Wallace v. United Electric Co., 211 Pa. 478.

Defendant's dam being located in another county the present case is not one concerning lands within the jurisdiction of the court, so as to authorize service upon a nonresident of the county under the Act of 1859: Mengel v. Lehigh Coal & Navigation Co., 24 Pa. C. C. 152.

*Henry C. Niles,* with him *Michael S. Niles, Charles A. May* and *George E. Neff,* for appellees.—In testing the propriety of an order and service of process under the Act of 1859, the allegations of the bill are to be considered: Vail v. Osburn, 174 Pa. 580; Martin's App., 13 W. N. C. 167.

Service on the defendant in New York was proper: Eby's App., 70 Pa. 311; Coleman's App., 75 Pa. 441; Mengel v. Lehigh Coal & Navigation Co., 24 Pa. C. C. 152; Martin's App., 13 W. N. C. 167.

Service at defendant's office in Lancaster County was proper: Bailey v. Williamsport & North Branch R. R. Co., 174 Pa. 114; Rule 10 Supreme Court Equity Rules.

OPINION BY MR. JUSTICE MOSCHZISKER, June 30, 1917:

The defendant, a corporation under the laws of Pennsylvania, possesses and operates a dam across the Susquehanna river. The plaintiff filed a bill in equity, alleging that this obstruction backs the water upon certain property owned by him in York County, where, he averred, one end of the dam is located. The bill prayed, (1) That defendant be ordered to remove the dam and certain obstructions connected therewith, "or such parts thereof as shall allow the water of said river to flow and run in its usual and natural course......as it did before the erection, maintenance and operation of said dam, structures and works of the defendant"; (2) That defendant be restrained from increasing the height of its dam; (3) "That defendant be enjoined from maintaining and operating its said dam and works or other obstructions in said river......in such manner as shall

cause the water thereof to back and overflow the property of the plaintiff"; (4) "That defendant be perpetually enjoined from placing and maintaining any dam, structure or works......as shall increase the depth of the water......thrown or flowing upon plaintiff's said property"; (5-7) That defendant be enjoined from flooding certain roads, tow-paths, banks, etc., claimed to be the property of plaintiff; (8) That an account be taken of the damages suffered by plaintiff, and defendant be "decreed to pay the same"; (9-11) "Discovery, general relief," etc.

The defendant's mill and works are located in Lancaster County, where it maintains an office; but its headquarters are in New York City. On the day the bill was filed, plaintiff petitioned for an order allowing service on defendant outside the jurisdiction of the Common Pleas of York County; whereupon the court below decreed "that service of the bill be made upon......the defendant in the manner directed by the Act of April 6, 1859." The sheriff returned that he had made such service on the president and secretary of the corporation at its office in New York City. On September 13, 1916, the sheriff of York County deputized the like officer of Lancaster County to make service in the latter's jurisdiction; and, on September 16, 1916, the last mentioned sheriff made return that he had served the bill, etc., on "the agent of defendant and the person for the time being in charge of its office" in Lancaster County. September 28, 1916, counsel for defendant entered an appearance de bene esse, for the purpose of attacking these two returns. The court below dismissed a motion to set aside the service, stating, inter alia, "the plaintiff's bill contains the only facts upon which the court can yet rely; and an inspection thereof clearly reveals a sufficient subject-matter within the jurisdiction of this court to warrant the court in authorizing process of service on the defendant in accordance with the provisions of the Act of April 6, 1859, P. L. 389, Sec. 1........ It

might be that facts or matters would be revealed by regular and legal investigation which would render the jurisdiction of this court nugatory; but, until......
properly shown, we cannot assume......that any such conditions exist." The defendant has appealed.

The Act of 1859, supra, provides that any court of the Commonwealth having equity jurisdiction may upon due application authorize service outside the jurisdiction of such court, in any suit "concerning......lands, tenements and hereditaments......situated or being within the jurisdiction of such court......" In Coleman's App., 75 Pa. 441, 443, 457, 458, the averments of the bill related to property both within and outside the jurisdiction of the court, and it prayed, (1) That a certain company defendant "transfer to plaintiff ninety-eight shares of its stock" (being the property within the jurisdiction); (2) That one Walton Dwight (the principal defendant) account and pay to plaintiff a designated sum of money; (3) That two other persons be made defendants; (4) General relief. The court below set aside service upon the defendant Dwight, had under the Act of 1859, supra, and on appeal we affirmed, saying: "It has not been the policy of our jurisprudence to bring nonresidents within the jurisdiction of our courts unless in very special cases......The Act of 1859 ought, therefore, to receive a construction in harmony with this policy. There exists no good reason why courts of equity should be invested with a more enlarged jurisdiction against nonresidents than courts of law. On the contrary......the inclination should be in a different direction......Had the bill in this case been confined to the prayer for relief as to the ninety-eight shares of the capital stock of the Williamsport and Canada Lumber Company, standing upon their books in the name of the defendant Walton Dwight, there would be plausible ground upon which to sustain the service of the process upon him......We are of opinion that the bill must be confined, at least so far as the interest of the foreign de-

fendant is involved, to a prayer for a decree affecting only the property in question. If it goes further and asks for relief by a decree against the defendant, personally, ......it is not a case within the purview of the act, and the court has no authority to direct service of process upon the defendant."

In the case at bar, it will be observed that the prayers for relief are not confined to property alleged to be within the jurisdiction of the court; but, on the contrary, they comprehend relief affecting the entire dam of defendant, extending into the river beyond the limits of York County, and also relief which, if granted, would require a decree against the defendant personally. On this state of facts, under the authority just cited, the present is not a case for service in accordance with the Act of 1859, supra; and the court below erred when it determined otherwise.

The plaintiff contends, however, that, since our equity Rule 10 provides that "service of the bill, and notice to appear and answer, on a corporation shall be effected in the mode prescribed by law for the service of a writ of summons upon such corporation," the service by the deputized sheriff of Lancaster County is good and sufficient in this case, without regard to that had under the Act of 1859 (citing Sec. 42 of the Act of June 13, 1836, P. L. 568; Act of March 17, 1856, P. L. 388; Act of July 9, 1901, P. L. 614, as amended by the Act of April 3, 1903, P. L. 139; and the Act of June 5, 1915, P. L. 847) ; but there is nothing in Rule 10, or any of the acts of assembly relied upon by plaintiff, which confers the right upon a court in equity to bring a corporation, which otherwise would be without its jurisdiction, within the grasp of its process, so as to subject such defendant to a decree in personam or one affecting its property located in another county. We have examined the cases cited by plaintiff, but none of them supports the order appealed from.

The question of the right to take the present appeal

was also argued before us. In McCullough v. Railway Mail Asso., 225 Pa.. 118, 124, 123, a rule to set aside service of a summons was discharged; whereupon defendant went to trial. The verdict favored plaintiff, and defendant appealed, assigning as error, inter alia, the discharge of the before-mentioned rule; but we said: "The defendant association entered a conditional appearance for the purpose of moving to set aside the service of the summons.......After the court had refused the motion, the association......entered a plea in the case; this action must be regarded as......a waiver of any irregularity or insufficiency in the service of the writ." While we dismissed the assignment in question, as not calling for an actual ruling upon the situation which it sought to bring before us, yet we discussed at large the principles of law and practice involved; and during the course of that discussion we held that, if a defendant's motion to set aside the service of the writ against him be refused, "he may rely upon the position he has taken and attempt to sustain it by an appeal to the proper appellate court, or he may consider himself in court and defend the action on its merits," adding, "He is required to select one of the two courses, and having done so he must accept the legal consequences of his action. He cannot deny the jurisdiction of the court, and at the same time take such action to defeat the plaintiff's claim as will amount to an appearance." Under this authority, which is our latest utterance upon the subject, the defendant had a right to appeal from the order here complained of.

If the procedure determined upon by the court below were followed, and this case set for trial on the merits, so that, incidentally, it might be ascertained whether facts would develop "which would render the jurisdiction of the court nugatory," then, under the principles laid down in McCullough v. Railway Mail Asso., supra, if the defendant should appear and defend, it would be in court for all purposes, and a decree in personam could

be entered against it; which decree would be enforcible by proceedings in contempt, despite the provisions of Section 3, Act of 1859, supra, that no such process should issue thereunder.  The learned court below fell into error by relying exclusively upon the averments of the bill, and failing to take into account the controlling importance of the prayers for relief (Coleman's App., supra) ; when the latter are kept in mind, without the need for further light upon the subject, it becomes clear that the attempt to secure jurisdiction under the Act of 1859 was "nugatory," and that the rule to avoid the service made upon defendant should have prevailed.

The assignment of error is sustained, the order of the court below reversed, and service of the bill set aside; appellee to pay the costs.