## Bird *v.* Sleppy, Appellant.

*Equity — Extraterritorial service of process — Act of April 6, 1859, P. L. 387—"Principal defendant"—Practice—Equity.*

1. Although a bill in equity may aver a state of facts which prima facie shows a person to be a principal defendant, if, in fact, he is not such defendant, and an extraterritorial service is made under the Act of April 6, 1859, P. L. 387, which is challenged by the person served, the status of the "principal defendant" as such, becomes a question of fact for preliminary determination.

2. A resident defendant, in a bill in equity to cancel a lease on allegation of fraud, who is not a party to the lease and has no legal rights in the lease, but is alleged to have been a party to the fraud, is not a principal defendant to the suit, so as to invoke extraterritorial service upon a nonresident defendant in the manner prescribed by the Act of April 6, 1859, P. L. 387.

3. In such a case, the test under the Act of April 6, 1859, P. L. 387, for the service of a writ outside the jurisdiction of the court, is not the apparent fraud averred in the bill, but, what is the relief sought, and does the relief sought necessarily involve rights of the person charged as being the principal defendant, so that his presence is necessary to the validity of the decree?

4. A principal defendant is one who has an interset in the controversy presented by the bill, and whose presence is requisite to the complete or partial adjudication of the controversy.

Argued May 12, 1919. Appeal, No. 291, Jan. T., 1919, by defendant, B. W. Sleppy, Jr., from order of C. P. Northumberland Co., No. 439, Equity Docket, discharging rule to set aside the service of bill in equity in the case of

Christiana C. Bird v. Edward W. Sleppy and B. W. Sleppy, Jr. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Rule to vacate order authorizing extraterritorial service of bill in equity, and to set aside such service. Before CUMMINGS, P. J.

The court discharged the rule. B. W. Sleppy, Jr., appealed.

*Error assigned* was discharging rule to set aside service.

*W. A. Valentine,* with him *C. D. Coughlin* and *B. W. Davis,* for appellant, cited: Coleman's App., 75 Pa. 441; Vandersloot v. Pa. W. & P. Co., 259 Pa. 99; Smith v. Carter, 219 Pa. 315.

*J. Fred Schaffer,* with him *I. Clinton Kline* and *J. Howard Rockefeller,* for appellee, cited: Gloninger v. Hazard, 42 Pa. 389.

OPINION BY MR. JUSTICE KEPHART, June 21, 1919:

The plaintiff filed a bill against the defendants to cancel a lease on the ground of fraud. Edward W. Sleppy, a resident within Northumberland County, had been served as a principal defendant, and B. W. Sleppy, Jr., was served under the Act of 1859. A rule was granted to vacate the latter service for the reason that Edward was not a principal defendant within the county where the writ issued. This rule was discharged and an order made conformable to the prayer of the bill; hence this appeal.

By Section 1 of the Act of April 6, 1859, P. L. 387, extraterritorial service of writs may be had in causes (a) where the subject-matter is within the jurisdiction of the court; (b) where jurisdiction of the subject-matter has been acquired by the service of its process on one or more of the principal defendants within the county in

which the writ issues: Eby's App., 70 Pa. 311. The court can acquire jurisdiction in the second class of cases only by a service of the kind therein described. While a bill may aver a state of facts, which prima facia shows a person to be a principal defendant, if, in fact, he is not such defendant and an extraterritorial service is made, which is then challenged by the person served, the status of the "principal defendant," as such, becomes a question of fact for preliminary determination. Should the defendant go to trial after objection made, or if, when made, it is dismissed by the court, and no appeal is taken from the order of dismissal, he cannot preserve his position so that his objection to the jurisdiction on this account may be subsequently passed on by an appellate court; he will be deemed to have waived it: McCullough v. Railway Mail Assn., 225 Pa. 118; Vandersloot v. Pa. W. & P. Co., 259 Pa. 99, 104. It is in part analogous to the service of a writ in any civil action: Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453, 458. When B. W. Sleppy made his motion to vacate, Edward had filed his separate answer under oath, denying fraud and secret ownership in the subject-matter of the litigation. It was through the affirmation of these allegations in the bill that he was principal defendant; if they were untrue, he was not a principal defendant, nor a defendant in any sense, and, without more than the averment of the bill and the answer of Edward, extraterritorial service could not be made. This practice is not an effort to contradict, by evidence de hors the record, a return of an officer duly constituted by law, but an attempt to controvert the main facts upon the existence of which only can the writ issue. It challenges the status of parties who seek an extraordinary remedy. The court below held that, for the purpose of the motion to vacate, the allegation of the bill must be taken as true. The motion was in no sense in the nature of a demurrer; the separate answer denied, for the purpose of vacating service, the material and only ground on which the writ could issue.

The court held, substantially, that the lease was procured through the fraudulent acts of B. W. Sleppy and Edward, and as Edward was "severally interested to the extent of one-half" in the illegal gain from the lease, he was a principal defendant. A principal defendant is one who has an interest in the controversy presented by the bill, and whose presence is requisite to the complete or partial adjudication of the controversy. "In deciding who ought to be parties, it is necessary to distinguish between active and passive parties; between those who are so necessarily involved in the subject in controversy and the relief sought for, that no decree can be made without their being before the court; and such as are formal or so far passive, that complete relief can be afforded to those who seek it, without affecting the rights of those who are omitted......But if a decree can be made without affecting the rights of a person not made a party, or without his having anything to perform necessary to the perfection of the decree, reason as well as adjudged cases will warrant the court in proceeding without him, if he be not amenable to the process of the court or no beneficial purpose is to be effected by making him a party": Coleman's App., 75 Pa. 441, 459.

The test, under the act, for the service of a writ outside the jurisdiction of the court is not the apparent fraud averred in the bill, but, what is the relief sought, and does the relief prayed for necessarily involve rights of the person charged as being the principal defendant, so that his presence is necessary to the validity of the decree? If such decree can be made, effectively answering the prayer for relief, closing all questions with reference to the subject-matter involved, without the joinder of such person as a defendant, he cannot be considered as a principal defendant though he may have a secret undisclosed interest, which, like any other secret undisclosed interest, is not effective unless asserted in a legal way.

The subject-matter of the bill is the legality of the lease and sublease. The bill prays for cancellation, subroga-

tion and an order restraining the payment of future royalties. The original lease is not with Edward, but with B. W. Sleppy and the Bird Coal & Iron Company, and the sublease is from the lessee, Sleppy, to Chambers. Edward was not named as a party in either of these leases. There is no allegation in the bill of unfair price or an unadvantageous bargain, and Edward specifically denies, in his separate answer, that he was in any way a party to the agreement, other than the representative of the company. The property affected lies in Centre County, B. W. Sleppy lives in Luzerne County, and the writ issued in Northumberland County. Surely, under this state of the record, Edward had nothing that could be affected by the decree. He could not, at any time, be heard to complain of the action of the court, or that he had an interest in the subject-matter. Even if he had an undisclosed interest, the decree would close the door against any assertion of it. His joinder was, therefore, not necessary to the cancellation of the lease, and the attempt to make him a principal defendant, so as to invoke the extraterritorial feature of the Act of 1859, that the complainant might reach into another county and bring to her home county B. W. Sleppy as defendant, must fail. The means by which the complainant hopes to cancel the lease, or be subrogated to rights thereunder, and to restrain the defendants, is through fraud. But this is evidentiary of the main purpose; and though the acts of Edward may be an important and necessary link in the means to accomplish the end, such connection does not make him a party, any more than it would any other witness connected with the fraudulent scheme, who had been paid cash outright for his illegal acts in securing the lease. B. W. Sleppy was in no sense amenable to the process of the court as a principal defendant in a proceeding where the relief prayed for is such as is contemplated by this bill.

The court erred in giving too much weight to the means by which it was intended to secure the things prayed for

and in not considering, of paramount importance, the end to be accomplished. The order discharging the rules to vacate is set aside, the rules are reinstated and are herewith made absolute and the service on B. W. Sleppy, in Luzerne County, is vacated, the costs to be paid by the appellee.