## American Trust Co. *v.* Kaufman, Appellant.

*Appeals—Interlocutory decree—Equity—Refusal of motion to dismiss bill.*

1. Where a motion is made to dismiss a bill in equity served under the Act of April 6, 1859, P. L. 387, on the ground of lack of jurisdiction, and such motion is refused, the decree dismissing the motion is interlocutory, and no appeal lies from it.

2. No appeal will lie until the controversy has been ended below by final judgment.

Argued October 11, 1923. Appeal, No. 122, Oct. T., 1923, by defendant, from decree of C. P. Allegheny Co., April T., 1923, No. 1526, refusing motion to dismiss bill in equity, in case of American Trust Co. v. Sidonia S. Kaufman. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ. Appeal quashed.

Bill for cancellation of deed and for injunction. Motion to dismiss bill. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Motion refused. Defendant appealed.

*Error assigned* was decree, quoting record.

*William Kaufman,* for appellant.

*Owen S. Cecil,* with him *William J. Barton,* for appellee.

OPINION BY MR. JUSTICE SADLER, January 7, 1924:

Gustave Kaufman became indebted to the American Trust Company, and, on October 22, 1920, it recovered a judgment against him for a large amount. After the incurring of liability, but prior to the date mentioned, he conveyed to Sidonia, his wife, for one dollar, and other valuable considerations,—not set forth in detail, —his undivided interest in a certain building in Pittsburgh. The bank was unable to find any assets in the State of New York, where all parties resided, to satisfy its claim, and caused a writ of foreign attachment to be issued in Allegheny County, averring the land supposedly sold in fact belonged to the defendant, who had transferred it to hinder and defraud his creditors. This proceeding was contested, but the judgment for plaintiff entered below was affirmed on appeal. An examination of the opinion filed (American Trust Co. v. Kaufman, 276 Pa. 35) will disclose the facts then considered, and likewise involved here.

Before further steps could be taken, Kaufman died, apparently insolvent. This creditor's bill was later presented, in which the wife is named as defendant, asking for a cancellation of the deed to her, and that she be restrained in the meantime from disposing of, or encumbering, the interest to which she had obtained the record title. The relief demanded is that suggested as appropriate by the Act of May 21, 1921, P. L. 1045, and a prayer was also made for an order that the action be indexed so notice might be given to others (Act of June 15, 1871, P. L. 387). The request is not for a decree in personam against defendant, the complainant seeking

solely to have the property in question subjected to the payment of the amount due.

Mrs. Kaufman lives in New York, and service was ordered as provided by the Act of April 6, 1859, P. L. 387, since the controversy involved "lands, tenements or hereditaments, situate or being within the jurisdiction of the court, [and concerned a] charge, lien, judgment, mortgage or encumbrance thereon." An appearance de bene esse was entered on her behalf, and a motion made to dismiss,—it being insisted the statute could not be successfully invoked, and, also, that an equity court was without jurisdiction to make any effective order. The present appeal complains of the refusal to sustain these contentions.

Defendant argues she has not been legally brought in as a party. Extra-territorial service was ordered, in view of the fact that the land in dispute was within the jurisdiction of the court, and complainant had an enforceable claim, assuming decedent in reality was possessed of a property interest at the time of his death. The objection is not to the form or execution of the summons, but that a resident of New York should be called upon to answer in Pennsylvania, under the circumstances disclosed.

The proceeding was apparently within the purview of the Act of 1859, already referred to, but this proposition need not be discussed, since we are of the opinion the question cannot be raised at this time. In a recent decision (Miller Paper Co. v. Keystone C. & C. Co., 275 Pa. 40, followed in Highland v. Russell Car Co., 80 Pa. Superior Ct. 219), where the parties desired to test preliminarily the jurisdiction of the court below, we endeavored to make clear that no appeal will lie from interlocutory decrees. A repetition of the reasons given, and the supporting authorities, is unnecessary. It is sufficient to say that in no case can a review be had until a final determination of a cause is reached, unless some act of assembly provides otherwise, as, for illus-

tration, where orders are made directing that judgments be opened. Possibly, it might be beneficial if the legislature extended a like privilege to other classes of litigation than now specifically designated, since hardship may at times be worked by requiring a trial on the merits, where the initial objection to the continuance of the suit is well founded. On the other hand, it must be kept in mind, permission to appeal from intermediate decrees tends to delay disposition of the controversy, and an attempt to obviate a supposed inconvenience may result in more harm than good. The wisdom of such a change is, however, not for us to pass upon, and, until ordered by some statute, the long established principle, that review can be had only when the action has terminated below, must control.

We are not unmindful of the confusion which has arisen as a consequence of the statements appearing in McCullough v. Railway Mail Assn., 225 Pa. 118. An attempt to clarify the situation was made in Miller Paper Co. v. Keystone C. & C. Co., supra. There, the decisions in Vandersloot v. Pa. & P. Co., 259 Pa. 99, and Bird v. Sleppy, 265 Pa. 295,—seemingly establishing a different rule than here declared,—are also referred to. In the first mentioned, the order below was considered, and set aside, since the bill and its prayer disclosed that the property involved was, in part, in another county. In the second, the complaint of the attempted service under the Act of 1859 was upheld, it having been made on the representation that one of the parties within the jurisdiction, and properly summoned, was a "principal defendant," when the record showed this to be untrue. To prevent injustice, the appeals were entertained in both cases, and the decrees reversed, but the action taken, under the circumstances there appearing, is not to be treated as controlling. There was no intention to overrule our many determinations that review can be had only of definite orders,—unless the legislature directs otherwise,—and from now on it must be under-

stood that no appeal will lie until the controversy has been ended below by final judgment. It follows from what has been said that we cannot presently pass on the matters to which attention is called.

The appeal is quashed; costs to be paid by appellant.