## Teblum v. Gaier et al.

*Equity—Service of process—Principal defendant—Act of April 6, 1859.*

1. The principal defendant within the meaning of the Equity Service Act of April 6, 1859, P. L. 387, is the one without whom the plaintiff's right against the non-resident defendant could not be adjudicated.

2. Where a stockholder of a corporation who has fraudulently acquired his stock and transferred it to his wife, is made a defendant in a bill in equity with his wife, he is the principal defendant, and his wife, on being served with the bill in another state, cannot successfully allege the contrary.

Rule to set aside service of bill in equity. C. P. No. 1, Phila. Co., March T., 1926, No. 5139.

*Thomas F. Gain (Maurice G. Weinberg* with him), for plaintiff.

*Bertram K. Wolfe,* for defendants.

TAULANE, J., Dec. 31, 1927.—Tillie Gaier, one of the defendants, was served with the bill in equity in New York City, where she resides, under the provisions of the Act of April 6, 1859, P. L. 387, which authorizes such service, if the principal defendant is served. She now moves to set aside the service on the ground that Paul Gaier, the other defendant, is not a principal defendant.

The amended bill charges that Paul Gaier, the husband of Tillie Gaier, is the owner of all the capital stock of the Metropolitan Hygrade Clothing Manufacturing Company; that Paul Gaier and the plaintiff entered into an agreement, whereby they each agreed to acquire by purchase one-half of all the capital stock of the Universal Sportwear Company, and, when acquired, to cancel it and turn over all the assets of said company to the Metropolitan Hygrade Clothing Manufacturing Company, whereupon Paul Gaier was to transfer and deliver to the plaintiff one-half of the capital stock of the Metropolitan Hygrade Clothing Manufacturing Company.

The bill further charges that the plaintiff and Gaier acquired all the capital stock of the Universal Sportwear Company and turned over all its assets to the Metropolitan Hygrade Clothing Manufacturing Company; that the plaintiff has performed his part of the agreement, but Gaier has excluded him from participating in the business of the Metropolitan Hygrade Clothing Manufacturing Company and refuses to transfer to him one-half of its capital stock; that Gaier, to defraud the plaintiff, has put all the stock of the Metropolitan Hygrade Clothing Manufacturing Company in the name of Tillie Gaier, his wife.

The amended bill prays for an accounting and an order for the transfer to the plaintiff of one-half of the capital stock of the Metropolitan Hygrade Clothing Manufacturing Company.

The Act of April 6, 1859, provides that "where the court have acquired jurisdiction of the subject-matter in controversy, by the service of its process on one or more of the principal defendants, to order and direct that any subpœna, subpœnas, or other process to be had in such suit, be served upon any defendant or defendants therein, then residing or being out of the jurisdiction of such court, wherever he, she or they may reside or be found."

Who is a principal defendant within the meaning of the Act of 1859 is now well settled, and he is one without whom the plaintiff's right against the non-resident defendant could not be adjudicated: Coleman's Appeal, 75 Pa. 441; Vandersloot *v.* Pennsylvania Water and Power Co., 259 Pa. 99; Bird *v.* Sleppy, 265 Pa. 295; and Clark *v.* Elkin, 283 Pa. 339.

Before the ownership of the stock of the Metropolitan Hygrade Clothing Manufacturing Company becomes material, the plaintiff must first establish

(a) that he entered into the agreement with Paul Gaier; (b) that he has performed his terms of the agreement; and (c) that he is entitled to one-half of the stock of the Metropolitan Hygrade Clothing Manufacturing Company.

The basis of the plaintiff's case is his agreement with Paul Gaier. If he fails to establish his rights against him his whole case falls, and it would then be immaterial whether Gaier or his wife owns the stock.

Surely, Paul Gaier is the principal defendant. On a rule to set aside service under the Act of 1859, a non-resident defendant may raise preliminarily the question whether the other defendant, who has been served, is a principal defendant: Bird v. Sleppy, 265 Pa. 295.

Tillie Gaier alleges that Paul Gaier is not the principal defendant, because she, and not her husband, is the lawful owner of the stock. Whoever is the owner of the stock, Paul Gaier is still the principal defendant, and Tillie Gaier, under the allegations of the bill, is a necessary party. There is no need of a preliminary decision as to the ownership of the stock.

And now, to wit, Dec. 31, 1927, the rule of Tillie Gaier to set aside service of the bill under the Act of April 6, 1859, P. L. 387, is discharged.