## Houk v. Houk.

*Aiken & Braham*, for plaintiff; *Clyde Gibson*, for defendant.

HILDEBRAND, P. J., July 31, 1929.—This matter was argued before the court *in banc* on a rule issued upon plaintiff's motion for a decree *pro confesso* for want of an appearance and for want of an answer to a bill in equity, in which plaintiff seeks an order directing her husband, the defendant, to contribute to her support and to account to her for certain personal property taken by him at the time of his desertion of plaintiff, canceling and rendering void a certain deed, enjoining and restraining the defendant from alienating or encumbering certain real estate and attaching and sequestering certain lands and personal property, pending disposition of the case.

The record shows that the bill was filed on May 24, 1928. On May 26, 1928, on motion of plaintiff's counsel, special injunction was issued restraining the defendant from removing certain personal property and from encumbering or alienating certain real estate. Hearing was fixed for Tuesday, May 29, 1928. On May 29, 1928, no service having been had on defendant and it being averred that defendant was then a resident of Ohio, service of the bill of complaint and of the special injunction issued on plaintiff's motion was directed to be had upon defendant wherever he might be found, the service to be returnable June 4, 1928, to which time, upon motion, the injunction was continued. On June 5, 1928, the injunction and hearing thereon were continued to June 18, 1928. On the same day, upon plaintiff's motion, service was directed to be had by advertisement. On June 27, 1928, a paper marked "Appearance *De Bene Esse*" in the following form was filed:

"Now, June 27, 1928, I do hereby appear *de bene esse* for John E. Houk, the defendant above named, and question the jurisdiction of the court in said case over him, the said John E. Houk, and object that the said court has no jurisdiction in said case over the defendant, and pray that the service by publication under order of June 5, 1928, be set aside and the said order vacated, and that the said orders of May 26, 1928, May 28, 1928, and May 29, 1928, be vacated and set aside and the bill and special injunction be dissolved, and further prays a rule to show cause directed to said plaintiff be issued and, saving and reserving the many errors, uncertainties and imperfections in said proceeding, say that the said court is without jurisdiction in said case and that the order of service by publication is irregular, illegal and void.

"CLYDE GIBSON, Appearing *de bene esse*
as attorney for John E. Houk."

On Sept. 5, 1928, and on Nov. 6, 1928, upon plaintiff's motions, the special injunction granted on May 26, 1928, was again granted and continued. On Jan. 7, 1929, there was filed proof of service by publication, and on the same day plaintiff presented her motion for judgment *pro confesso* for want of an appearance and for want of an answer. Service of the rule issued on that motion was directed to be had by publication and proof of publication was filed May 24, 1929. Answer to the rule issued upon motion for decree *pro confesso* was filed June 3, 1928, the defendant setting up his appearance on June 27, 1928, for the purpose of objecting to the jurisdiction of the court, showing that that question had not been preliminarily determined and averring that the court was without jurisdiction to enter a decree.

While the paper filed by defendant on June 27, 1928, for the purpose of questioning the jurisdiction, asked that a rule to show cause be issued upon plaintiff, the paper having been filed in the prothonotary's office and defendant's request not having been called to the court's attention, no rule was issued as requested. However, counsel for the parties have agreed that the matter may now be considered by the court as though a rule had been regularly issued and served on defendant's request and that the question of jurisdiction as raised by the defendant, as well as plaintiff's motion for a decree *pro confesso*, is now before the court for determination.

On behalf of the plaintiff, it is contended that defendant's appearance *de bene esse* has the effect of a general appearance and that, the jurisdictional question not being raised in conformity with the Act of March 5, 1925, P. L. 23, the question of jurisdiction is not properly before us.

In support of plaintiff's contention that defendant's appearance operates as a general appearance, plaintiff cites Taylor *v.* McCafferty, 27 Pa. Superior Ct. 122. In that case, the appearance was merely "*de bene esse.*" It was held

that the words *de bene esse* have no meaning in equity practice and that rejecting them as surplusage, the appearance was left general. That case, however, recognizes as proper practice the entry of a conditional appearance containing a reservation of all benefit of exception to the bill and service, the limitation of the appearance defining its purpose.

In the present case, in his appearance, defendant defines his purpose to be to question and object to the court's jurisdiction, and he saves and reserves to himself "the many errors, uncertainties and imperfections" of the proceeding. It seems to us the case cited by plaintiff in support of her position supports defendant's contention that his appearance is conditional and not general, and it may be well to note that cases decided by the Supreme Court since Taylor *v.* McCafferty indicate that the words *de bene esse* still have a meaning in equity practice. In Clark *v.* Elkin, 283 Pa. 339, 343, the opinion of the Supreme contains this sentence: "An appearance *de bene esse* was entered and a motion made to set the service aside." In Vandersloot *v.* Pennsylvania Water and Power Co., 259 Pa. 99, 102, the present Chief Justice makes this statement: "Counsel for defendant entered an appearance *de bene esse* for the purpose of attacking these two returns."

In support of their contention that the question of jurisdiction is not properly raised, plaintiff's counsel calls our attention to section 2 of the Act of March 5, 1925, P. L. 23, which provides as follows: "All such preliminary [jurisdictional] questions shall be raised by petition setting forth the facts relied upon, whereupon a rule to show cause shall be granted and such preliminary question disposed of by the court. Such procedure shall be deemed *de bene esse* only and shall not operate as a general appearance."

Plaintiff's counsel also cite Rule 29 of the Equity Rules, which provides: "Any party served with a bill in equity or served by summons in an equity case who wishes to question the jurisdiction of the court over him or his property may file a petition, setting forth the facts and praying that the service be set aside; whereupon a rule to show cause shall be granted, an answer may be filed and further appropriate proceedings had as in actions at law; but such procedure shall be deemed *de bene esse* only and shall not operate as a general appearance."

The writing filed by defendant is in the form of a petition. He prays that the service by publication be set aside, that various orders be vacated and that a rule be issued. It is not supported by affidavit. The defendant, however, does not set up any facts on which he bases his position, but rests his case upon the plaintiff's pleadings. Rule 9 of the Equity Rules provides: "All pleadings, and amendments thereto, and all petitions, not founded on matters of record only, must be sworn to before some person other than a party or attorney interested in the cause."

This rule indicates that an affidavit is not required to defendant's petition. We consider that there has been a substantial compliance with the statute and the rule cited by plaintiff.

Having concluded that defendant's appearance does not operate as a general appearance, and that he has properly raised the question of jurisdiction, the question of jurisdiction is now for disposition.

Service was had under the provisions of the Act of April 6, 1859, P. L. 387, which provides for personal service on parties outside the jurisdiction of the court wherever they may be found, and by publication when the defendant cannot be found, the 2nd section of the act providing for such service by publication. Such service is provided for in equity proceedings in any suit "concerning goods, chattels, lands, tenements or hereditaments, or for the per-

petuating of testimony concerning any lands, tenements, and so forth, situate or being within the jurisdiction of such court, or concerning any charge, lien, judgment or encumbrance thereon, or where the court have acquired jurisdiction of the subject-matter in controversy, by the service of its process on one or more of the principal defendants." The purpose of the Act of 1859 is clearly indicated by its title, "An act to authorize execution of process in certain cases in equity concerning property within the jurisdiction of the court and on defendants, not resident or found therein." Equity has jurisdiction over property because the property is within the jurisdiction of the court, and its jurisdiction, in the absence of a general appearance by a non-resident owner, appears to be limited to that property.

The plaintiff contends that under the Act of May 23, 1907, P. L. 227, as amended by the Act of April 27, 1909, P. L. 182, giving a wife equitable relief against the estate of her husband, the court is empowered to enter a personal decree against the defendant and make such orders as will provide a suitable maintenance by sequestration or otherwise. Had the bill and its prayers been confined to the securing of equitable relief against the property of the defendant within the jurisdiction of the court, service by publication, under the Act of 1859, would have given the court jurisdiction. The case of Erdner v. Erdner, 234 Pa. 500, cited by plaintiff, supports this statement. That case, however, was reversed on appeal, for the reason that the decree, made under service by publication, appointed a receiver in the estate of the defendant to take charge of all the property of the defendant and preserve assets for the benefit of creditors, etc., it being held that the court had no authority to delegate to a receiver the duty to ascertain the amount necessary or suitable for the maintenance of the wife or determine the property to be sold or mortgaged for that purpose.

The matter of jurisdiction acquired by service on a non-resident defendant by publication was fully discussed in Coleman's Appeal, 75 Pa. 441. After reviewing the law previous to the Act of 1859, Justice Sharswood states: "It will be seen from this brief review that it has not been the policy of our jurisprudence to bring non-residents within the jurisdiction of our courts unless in very special cases. In proceeding against them for torts, even property belonging to them cannot be reached by process, and in cases of contract nothing but the property can be affected, unless the defendant voluntarily appear and submit to the jurisdiction. We may congratulate ourselves that such has been the policy, for nothing can be more unjust than to drag a man thousands of miles, perhaps from a distant state, and in effect compel him to appear and defend under penalty of a judgment or decree against him pro confesso."

After noting that an examination of the language of the Act of 1885 disclosed that it is strictly and carefully confined to two classes of cases, the first of which is, where a suit in equity has been instituted concerning property or for the perpetuating of testimony concerning property situate within the jurisdiction of the court; and, second, where the court has acquired jurisdiction of the subject-matter in controversy by service of its process on one or more of the principal defendants, Justice Sharswood continues: "As to the cases comprehended in the first class, we are of opinion that the bill must be confined, at least so far as the interest of the foreign defendant is involved, to a prayer for a decree affecting only the property in question. If it goes further and asks for relief by a decree against the defendant personally, though it would be entirely competent for the court to make such decree, if the person of the defendant was within their jurisdiction, it is not a case within the

purview of the act, and the court has no authority to direct the service of process upon the defendant. Had the bill in this case been confined to the prayer for relief as to ninety-eight shares of the capital stock of the Williamsport and Canada Lumber Co., standing upon their books in the name of the defendant, Walton Dwight, there would be plausible ground upon which to sustain the service of the process upon him."

The language of Coleman's Appeal is quoted at length in Vandersloot v. Pennsylvania Water and Power Co., 259 Pa. 103. In the latter case, as in the present case, the prayers for relief were not confined to property alleged to be within the jurisdiction of the court, and plaintiff prayed relief which, if granted, would require a decree against the defendant personally. For this reason, it was held not to be a case for service in accordance with the Act of 1859, and the judgment of the lower court was reversed and the service of the bill set aside. The plaintiff here prays for an order and decree directing the defendant to contribute to her support and maintenance, to account to the plaintiff for certain personal property removed by him and to reconvey certain lands to the plaintiff. Counsel, in preparing the bill, evidently had in mind that it would be served personally on the defendant within the jurisdiction of the court, and with that in mind the prayer of the bill seems to have been properly formed. However, as the plaintiff seeks a decree against the defendant personally, requiring action on his part to carry it into effect, the bill is not such a bill as may be served by publication under the Act of 1859, and the defendant, who has entered a conditional appearance, is entitled to have the prayer of his petition granted and the service by publication under the order of June 5, 1928, set aside and said order vacated.

Now, July 31, 1929, upon consideration of the foregoing, it is ordered, adjudged and decreed that the service by publication under the order of court dated June 5, 1928, be and the same is hereby set aside and the said order is vacated and the rule on plaintiff's motion for decree *pro confesso* granted Jan. 27, 1929, is discharged and plaintiff's motion refused.

From William McElwee, Jr., New Castle, Pa.