Whittaker et al., Appellants, *v.* Miller et al.

Argued October 3, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Fred B. Trescher,* with him *J. E. Kunkle, Jr.,* for appellant.

*Maynard Teall,* of *Reed, Smith, Shaw & McClay* and *Robert W. Smith,* for appellees, were not heard.

PER CURIAM, November 24, 1930:

In disposing of this case we adopt the following excerpts from the opinion of the court below: "Plaintiffs' bill......was filed in Westmoreland County...... The sheriff of [that] county served a copy......in Westmoreland County upon William Culp, treasurer of an unincorporated association called 'Window Glass Cutters & Flatteners Protective Association of America.' After [this] service......, plaintiff[s], alleging service......[on] a principal defendant, obtained an order of court directing the sheriff to serve other copies of the ......bill on Bert W. Miller, president, and J. W. Rutter, secretary, of said unincorporated association in the County of Allegheny. After service, as directed by the court, on Bert W. Miller and J. W. Rutter, defendant[s] filed a petition raising the question of jurisdiction of the court [of Westmoreland County] to hear and determine the issues involved in the......bill [and asked that it be dismissed]. The avowed purpose of plaintiffs' bill is to dissolve the unincorporated association and, incident to such dissolution, to distribute its funds to and among those entitled thereto.

"Where, as here, the object of the suit is to end the life of an unincorporated association, [and] the end to be accomplished [involves] control [of] the internal affairs of such association, if possible the suit should be brought in the judicial district where its property and business headquarters are located, and where its business is actually transacted...... In the instant case, plaintiffs, citing the Act of April 6, 1859, P. L. 387, contend that because service of [this] bill was made in Westmoreland County on William Culp, a principal de-

fendant,......the court [of that county] had authority to direct service of the......bill on the officers of the ......unincorporated society residing without this judicial district.

"The parties have filed a 'stipulation of facts' in order to enable the court to decide the question of jurisdiction raised by......defendants...... The facts so...... agreed to, embrace, inter alia, the following: (a) Defendants are officers and members of an unincorporated association called 'Window Glass Cutters & Flatteners Protective Association of America.' Bert W. Miller, a resident of Washington County, is president; J. W. Rutter, a resident of Allegheny County, is secretary; and William Culp, a resident of Westmoreland County, is treasurer. (b) The association's principal office is, and has been for many years, at Pittsburgh. Practically all its business is transacted there. All its property is there. It has no office, place of business or property in Westmoreland County. The business and headquarters of the association is at its office in Allegheny County. (c) Service of the plaintiffs' bill was made by serving William Culp, the treasurer, in Westmoreland County, and, pursuant to an order of the court made by the authority of the Act of April 6, 1859, P. L. 387, by serving the other two officers in Allegheny County.

"The title of the said Act of April 6, 1859, P. L. 387, is: 'An act to authorize execution of process in certain cases in equity, concerning property within the jurisdiction of the court, and on defendants not resident or found therein.' This statute authorizes service on defendants outside of the judicial district in only two situations: (1) When the suit involves real or personal property situate in the jurisdiction of the court; (2) Where the court has already obtained jurisdiction by service on one or more of the 'principal defendants.' Is William Culp a 'principal defendant' within the scope of the said Act of 1859? The test, under the Act of 1859, for the service of a writ outside of the territorial

jurisdiction of the court, is whether the relief prayed for necessarily involves the right of the person charged as being [a] 'principal defendant,' so that his presence is necessary to the validity of the decree prayed for: Bird v. Sleppy, 265 Pa. 295-8. 'Although a bill in equity may aver a state of facts, which prima facie shows a person to be a principal defendant, if, in fact, he is not such defendant and an extraterritorial service is máde ["under the Act of April 6, 1859"] which [service] is challenged by the person served, the statute of the principal defendant as such becomes a question of fact for preliminary determination. In such a case, the test under the Act of......1859,......for the service of a writ outside the jurisdiction of the court,......is, what is the relief sought, and does [it] necessarily involve rights of the person charged as being the principal defendant, so that his presence is necessary to the validity of the decree? A principal defendant is one who has an interest in the controversy presented by the bill, and whose presence is requisite to the complete or partial adjudication of the controversy': Bird v. Sleppy, supra; see also Clark v. Elkin, 283 Pa. 339. If such unincorporated association may be dissolved and its assets distributed to those entitled therto without the joinder of William Culp as a defendant, [he] is not a principal defendant within the scope of the Act of 1859...... It appears that William Culp, the treasurer, has no more control over the affairs of the unincorporated association than any other member thereof; that he is merely a clerk or servant of the officers in control thereof, and that his duties are ministerial only. In view of the 'stipulation of facts' the court is constrained to conclude that William Culp, as treasurer of the unincorporated association, has not such an interest in the controversy presented by the plaintiffs' bill of complaint as requires his presence in the adjudication of the matter in controversy—unless every individual member of the association must be brought before the court in person. In

other words, William Culp, as treasurer of the said association, or as an individual member thereof, is not a principal defendant, within the scope of the Act of April 6, 1859, P. L. 387."

On the facts above stated, which are warranted by the record as made, the court below did not err in dismissing plaintiffs' bill.

The order appealed from is affirmed at cost of appellant.