## Montgomery Trust Company, Guardian, v. Pennsylvania Railroad Company et al.

204

*Fox & McTighe*, for plaintiff.

*Larzelere & Wright* and *W. H. Rosenberry*, for defendants.

DANNEHOWER, J., August 27, 1935. — This bill in equity was brought by the guardian of the estate of a mentally incompetent mother against her son, Raymond L. Griscom, and the Pennsylvania Railroad Company, defendants to (1) set aside, cancel and rescind an assignment and attempted transfer of 134 shares of the Pennsylvania Railroad Company's stock made by the mother to the defendant son; and (2) restrain both defendants from transferring, pledging or otherwise encumbering said stock until the final decision of the court.

The bill alleges that the assignment was executed and delivered to the son when the mother was 89 years of age, in weakened bodily and mental condition and of insufficient mental capacity to comprehend the true meaning of the assignment; that it was obtained by the son, through fraud and undue influence and with intent to cheat and defraud his mother; that subsequent to the assignment and prior to the appointment of a guardian of her estate, the mother requested the son to reassign the stock to her, but he refused; that the guardian also requested the son to reassign the stock to it, but he again refused; that the certificates of stock and the assignment thereof are in possession of the transfer department of the Pennsylvania Railroad at Philadelphia, Philadelphia County, Pa., which has not transferred the

shares on its books, because notice of the son's fraud was given to it.

The bill in equity was duly served by the sheriff of Montgomery County upon the Pennsylvania Railroad Company, by serving F. A. Stickler, passenger agent for said company, at the company's place of business on Lafayette Street, Norristown, Montgomery County, Pa. Thereafter a general appearance on behalf of said railroad company was entered by its attorneys.

The bill in equity was served upon Griscom, the other defendant, a resident of Chester, Delaware County, Pa., by a deputy sheriff of Delaware County, after the Sheriff of Delaware County had been deputized for that purpose by the Sheriff of Montgomery County, "by handing a true and attested copy thereof for him to an adult member of his family at his place of residence No. 224 Woodrow Street, Chester, Pa., and making known the contents thereof."

Thereafter an appearance de bene esse was entered on behalf of the son, Griscom, and a petition, under the Act of March 5, 1925, P. L. 23, and Equity Rule 29, was filed raising preliminary questions of jurisdiction, praying that the bill be dismissed, and service thereof as to the son be set aside for the following reasons:

1. The bill was not served on him within the jurisdiction of this court;

2. the bill was not served on him personally or on any adult member of his family;

3. the certificates of stock and the written assignment are not located within the jurisdiction of this court;

4. the defendant railroad company is not a principal defendant.

An answer was filed denying the foregoing averments of the petition. No testimony or depositions were taken by either side, and the question is now before the court on petition and answer.

The second reason advanced for setting aside the service cannot be sustained, because the return of the sheriff

is complete and regular upon its face. When a return by a sheriff is complete and regular upon its face, it is conclusive and not subject to attack for want of truthfulness by extrinsic evidence unless fraud is alleged and proven. If the return is defective on its face, a rule to set aside will be granted. But if a sheriff's return is false the remedy is against the sheriff, or the court may permit the return to be amended: Rittenberg et al. v. Stein et al., 97 Pa. Superior Ct. 554, and cases therein cited.

The remaining reasons for setting aside the service present a more difficult question, and depend upon whether or not the subject matter is within the jurisdiction of the court, and whether or not the Pennsylvania Railroad Company is a principal defendant, because, admittedly, Griscom is not a resident within the jurisdiction of the court, and was served in Delaware County.

No equitable jurisdiction exists unless the person of the defendant is, by service of process or voluntary appearance, within the jurisdiction or the res is within the jurisdiction of the court.

Service of process in equity cases must be made within the county as in actions at law except insofar as jurisdiction is extended by statute. Extraterritorial service of writs is governed by section 1 of the Act of April 6, 1859, P. L. 387, 12 PS §1254, which provides as follows:

". . . it shall be lawful for any court of this commonwealth having equity jurisdiction, upon special motion of the plaintiff or plaintiffs, in any suit in equity which has been or shall be instituted therein, concerning goods, chattels, lands, tenements, or hereditaments, or for the perpetuating of testimony concerning any lands, tenements, and so forth, situate or being within the jurisdiction of such court, or concerning any charge, lien, judgment, mortgage, or incumbrance thereon, or where the court have acquired jurisdiction of the subject matter in controversy, by the service of its process on one or more of the principal defendants, to order and direct

that any subpœna, subpœnas, or other process to be had in such suit, be served upon any defendant or defendants therein, then residing or being out of the jurisdiction of such court, wherever he, she or they may reside or be found; and upon affidavit of such service had, to proceed as fully and effectually as if the same had been made within the jurisdiction of such court".

This act authorizes service on defendants outside of the judicial district in which the bill is filed, in two situations only: (1) When the suit involves real or personal property situate in the jurisdiction of the court and (2) where the court has already obtained jurisdiction by service on one or more principal defendants: Whittaker et al. v. Miller et al., 301 Pa. 410; Bird v. Sleppy, 265 Pa. 295.

In applying the provisions of the Act of 1859, supra, to the facts of any particular case, it is well to keep in mind what was said in Coleman's Appeal, 75 Pa. 441, 457, repeated with approval in Vandersloot v. Pennsylvania Water & Power Co., 259 Pa. 99, and Clark v. Elkin, 283 Pa. 399:

". . . . it has not been the policy of our jurisprudence to bring non-residents within the jurisdiction of our courts unless in very special cases. . . . The Act of 1859 ought, therefore, to receive a construction in harmony with this policy. There exists no good reason why courts of equity should be invested with a more enlarged jurisdiction against non-residents than courts of law. On the contrary . . . the inclination should be in a different direction."

We must also bear in mind that service statutes are to be construed strictly: Hughes v. Hughes, 306 Pa. 75.

In the instant case plaintiff contends that notwithstanding the certificate or certificates for the shares of stock and assignment thereof are in the possession of the transfer department of the Pennsylvania Railroad Company in the City and County of Philadelphia, nevertheless since the Pennsylvania Railroad Company was

served in Montgomery County, where some of its property is located, the certificate and assignment are within the jurisdiction of this court. With this contention we cannot agree. The subject matter of this controversy is physically in the County and City of Philadelphia, as alleged in the bill of complaint, and is therefore not within the jurisdiction of this court. No decree can be lawfully entered against a defendant brought in by service under the Act of 1859, supra, other than such as is exclusively operative upon property absolutely within the jurisdiction of the court to such an extent that the court can, if necessary, take physical possession of it in order to carry out the decree: Coleman's Appeal, supra.

Nor can the complainant seriously contend that the Pennsylvania Railroad Company, which was served within this county, is a principal defendant. A principal defendant, within the meaning of the Act of 1859, is one who has an interest in the controversy presented by the bill and whose presence is necessary to the complete or partial adjudication of the controversy: Bird v. Sleppy, supra, and Whittaker et al. v. Miller et al., supra. In deciding who is a principal defendant, it is necessary to distinguish between active and passive parties, that is, between those who are so necessarily involved in the subject matter of the controversy that no decree can be made without their being before the court, and those who are mere formal parties, so that complete relief can be afforded those entitled to it without affecting the rights of such parties. The test under the act is whether the relief prayed for necessarily involves rights of the person charged as a principal defendant, so that his presence is necessary to the validity of the decree: Bird v. Sleppy, supra. Griscom is charged with fraud and undue influence in securing the stock certificate and assignment. The Pennsylvania Railroad Company is not charged with any fraud or with aiding or assisting Griscom. The bill of complaint shows no title or interest of the railroad company in the stock sought to be transferred, but it is

a stakeholder or custodian charged with the duty of seeing that no improper transfer is made. The transfer of stock on the books of a corporation is a mere ministerial act. How, then, can it be said that the railroad company has an interest in the controversy except to see that no fraud is committed? The railroad company is a passive and formal party only, and not a principal defendant.

The prayer for relief is that the assignment be set aside and canceled, and both defendants be restrained from transferring or encumbering said stock. This would require a decree in personam and not in rem and, where a personal decree is sought, the court has no authority under the Act of 1859 to direct service upon the defendant. A decree against a defendant personally is not within the purview of this act: Atlantic Seaboard Natural Gas Co. v. Whitten, 315 Pa. 529.

In addition to the foregoing reasons, the Act of 1859, supra, requires a special motion by the plaintiff for leave of court to serve nonresident defendants. No such motion was filed nor allowed in this case.

We conclude, therefore, that where a bill in equity is filed against several defendants, one of whom is a nonresident of the county wherein the bill was filed, and there is no property of such defendant within the jurisdiction of the court, and the decree prayed for is one in personam, extraterritorial service of process cannot be made under the Act of 1859.

And now, August 27, 1935, after argument and due consideration, the rule to show cause why service of the bill of complaint against Raymond L. Griscom should not be set aside is hereby made absolute, at the cost of the plaintiff.      From Aaron S. Swartz, Jr., Norristown.