# Vandersloot, Appellant, *v.* Pennsylvania Water & Power Company.

*Equity jurisdiction—Injury to real estate within county—Construction of dam—Overflow—Greater part of dam in another county—Bill by riparian owners—Relief to affect entire dam—Refusal.*

A bill in equity complaining of the overflow of water caused by defendant's dam was properly dismissed where, although the prayers were so drafted that the court was asked to make such decrees as would pertain only to the physical construction of the dam in the county in which the suit was begun, such orders would necessarily affect the entire dam of the defendant, the largest portion of which was outside the jurisdiction of the court.

Argued June 5, 1918. Appeal, No. 62, Jan. T., 1918, by plaintiff, from decree of C. P. York Co., Oct. T., 1916, No. 1, in equity, dismissing bill in equity for injunction in case of John Edward Vandersloot v. Pennsylvania Water & Power Co. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Bill in equity for injunction to require removal of flash-boards on part of defendant's dam west of line dividing York and Lancaster Counties and for other relief. Before ROSS, J.

The opinion of the Supreme Court states the case.

Further facts appear in Vandersloot v. Pa. W. & P. Co., 259 Pa. 99.

The lower court dismissed the bill. Plaintiff appealed.

*Error assigned,* among others, was in dismissing bill.

28    VANDERSLOOT, Appellant, *v.* PA. W. & P. CO.

*Henry C. Niles,* with him *Michael S. Niles, Charles A. May* and *George E. Neff,* for appellant.

*W. F. Bay Stewart,* with him *John E. Malone* and *Frederick B. Gerber,* for appellee.

PER CURIAM, July 17, 1918:

This appeal is dismissed, at the costs of the appellant, on the following from the opinion of the learned court below making absolute the rule to set aside the order of service and the service of the bill: "A careful examination of the amended bill and the prayers based thereon, leads to the conclusion that the present contention is controlled by the ruling of the Supreme Court (Vandersloot v. Pa. W. & P. Co., 259 Pa. 104). The prayers are so drafted that the court is asked to make such orders and decrees as would only pertain to the physical construction of the dam which exists in York County, yet it is quite obvious that any such order or decree would necessarily affect the entire dam of the defendant, the largest portion of which is outside the jurisdiction of the court."