## Rosenwald v. Rosenwald et al.

164

*C. William Kraft, Jr.*, for plaintiff.
*Edward Rosenwald*, for defendants.

DIGGINS, J., May 24, 1955.—Plaintiff herein filed a complaint in equity embracing premises at 7026 Garrett Road, Upper Darby, Delaware County, Pa., premises at 5240 Market Street, Philadelphia, Pa., and premises at 5244 Market Street, Philadelphia, Pa., wherein he alleges that he was the record owner of each of the properties and that he still is the equitable owner, averring that he transferred those properties to defendants pursuant to a written agreement on their part to reconvey to him upon request, averring that this memorandum agreement was made prior to the delivery of the deeds by plaintiff to defendants, and plaintiff avers that pursuant to this memorandum agreement defendants did execute and deliver deeds reconveying the three premises to him but plaintiff contends in his complaint that the deeds and the memorandum agreement have been lost, stolen or otherwise destroyed and prays that the court order defendants

to execute and deliver to plaintiff a deed or deeds in fee simple reconveying title to these properties and pending the action defendants be enjoined from mortgaging, conveying or in any way encumbering the properties and from interfering with plaintiff's management, operation and ownership thereof and asks for such other equitable relief as the court may deem proper.

Defendants meet this complaint by filing preliminary objections in the alternate: (1) Raising questions of jurisdiction; (2) motion to strike off; (3) motion for more specific pleadings. This defendants may do under Equity Rule 1509 and in support of the preliminary objections as to the jurisdiction, defendants contend that the cause of action complained of is not within the jurisdiction of a court in equity for the averred reason that plaintiff has a full, complete and adequate remedy at law. In defendant's brief, they recite in support of this position certain acts of the legislature. However, these acts have been superseded by the Pennsylvania Rules of Civil Procedure 1061 et seq. under action to quiet title and for the further reason that plaintiff in his own pleading avers that defendants once gave him deeds to the various properties which are the subject matter of this suit, thereby meeting any obligation that defendants may have had to plaintiff on the alleged memorandum agreement.

It seems clear to us that defendants' position regarding lack of jurisdiction in equity in this court is well taken. Rule 1061, supra, provides as follows: "(a) Except as otherwise provided in this chapter, the procedure in the action to quiet title from the commencement to the entry of judgment shall be in accordance with the rules relating to the action of assumpsit.

"(b) The action may be brought

"(1) To compel an adverse party to commence an action of ejectment;

"(2) Where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land;

"(3) To compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; or

"(4) To obtain possession of land sold at a judicial or tax sale."

Since the pleadings show that defendants are not in possession, ejectment will not lie and therefore this rule enables a law court having jurisdiction of the particular parcels to determine title to the land which is the real issue here and if a reading of this foregoing rule left any doubt that such a proceeding as this is no longer in equity, we have the case of Kalyvas v. Kalyvas, 371 Pa. 371, where in an action to quiet title, the court said:

"The action was brought pursuant to Pa. RCP Rule 1061 et seq. Although the action is an action at law it embraces all the equitable jurisdiction which was formerly exercisable under a bill quia timet".

This makes it unnecessary for us to discuss on the question of jurisdiction defendant's further contention that equity could not force defendants to do again that which they have already done but in passing we note a further objection to the jurisdiction raised by defendants in that defendants point out that only one of these three separate properties is in Delaware County and our jurisdiction in equity as to the other two is challenged.

Conceding as we must that the procedure is now one at law under the action to quiet title and considering the several rules having a bearing on the question, we find under the action of ejectment, rule 1052, Venue,

provides that the action may be brought in and only in the county in which the land or part of the land is located and under the action to quiet title, rule 1062, Venue, the identical provision, and under Action in Equity, rule 1503, Venue, the action may be brought in and only in a county in which defendant or principal defendant may be served or the property or part of the property which is the subject matter of the action is located.

The first does not pertain because neither one of the defendants nor plaintiff are in this county and the second test is not met because neither the property nor a part of the property which is the subject matter of the action is located in this county for the reason that when the rule speaks of a "part of the property", it does not mean one of the properties. It means a single tract, part of which lies in two counties, as was the dam in the case of Vandersloot v. Pennsylvania Water & Power Company, 259 Pa. 99, 102 Atl. 422, 262 Pa 27, 104 Atl. 799, the difficulty in which case appears to have given rise to the rule. Therefore, this is an additional sound challenge on the part of defendants not only to the equitable jurisdiction of this court but to the jurisdiction of the subject matter under the Rules of Civil Procedure.

Therefore, we are compelled to certify this matter to the law side of the court as to the one property which lies in Delaware County. Obviously we might at this point make such an order and not attempt to dispose of the remaining preliminary objections, but since this would lead only to the same pleadings being filed under the action to quiet title, which would be nothing more than a change in caption without affecting the merits, in the interest of avoiding multiplicity we will as a law court consider the remaining preliminary objections.

That part of the preliminary objections which is the motion to strike off is based upon defendants' con-

tention that plaintiff has failed to attach copies of the deeds to the two Philadelphia properties mentioned in the complaint. Since we hold this court has no jurisdiction under the Rules of Civil Procedure over the Philadelphia properties, this question becomes moot with us.

The final objection is defendants' motion for more specific pleadings. This motion is based on defendants' allegations that complainant has failed to set forth such things as consideration paid for the various properties, that he fails to set forth the place wherein information therein recited was given to plaintiff and fails to apprise defendants of any pertinent facts upon which plaintiff bases his assertion of ownership and various other matters of like nature. In our opinion, in the absence of any denial of the original agreement which is the' case here, all of these facts are irrelevant and there is no necessity for plaintiff to set them out in his pleading because he avers that the agreement was complied with, the deeds were executed and delivered. He seeks only to have them replaced. It would follow therefore that as to all the part of the complaint which has to do with the Philadelphia properties, it should be dismissed, saving to plaintiff the right to bring that action in law in the proper county and continuing the matter on the law side of this court as to the property in Delaware County.

We therefore make the following

### Order

And now, to wit, May 24, 1955, at 1:40 p. m., the preliminary objections filed by defendants insofar as they relate to that part of the complaint which has to do with the two properties in Philadelphia be and they are hereby sustained and the complaint as to these two properties is hereby dismissed, and

It is ordered, adjudged and decreed that insofar as the preliminary objections relate to that part of the

complaint which has to do with the one property in Delaware County, they are sustained for the reason that plaintiff has an adequate remedy at law in this court as to that property and the action is therefore, in conformity with rule 1509(c), certified to the law side of the court for further proceedings.